FILED
2026 Oct-28 AM 09:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHRIS HINES,** | ) | |
| **PLAINTIFF,** | ) | **CASE NO.:** |
| **V.** | ) | |
| **REID STATE** | ) | **PLAINTIFF DEMANDS** |
| **COMMUNITY COLLEGE,** | ) | **TRIAL BY STRUCK JURY** |
| **DEFENDANT(S).** | ) | |

**COMPLAINT**

## JURISDICTION

1. This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2. This suit is authorized and instituted under Title VII of the Act of Congress known as the “Civil Rights Act of 1964,” as amended, the “Civil Rights Act of 1991;” 42 U.S.C. § 2000e, et seq. (“Title VII”).

3. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under “Section 1981.”

4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 425-2026-01462, within 180 days of the last discriminatory act (Exhibit A). Plaintiff further sues

within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC on August 19, 2026 (Exhibit B).

**PARTIES**

5. Plaintiff, Chris Hines, ("Plaintiff" or "Hines") is a resident of Brewton, Escambia County, Alabama, and performed work for the Defendant in Conecuh County, Alabama, during the events of this case. Thus, under 28 U.S.C. § 1391(b) and 28 U.S.C. § 81, venue for this action lies in the Southern District of Alabama, Southern Division, held at Mobile.

6. Plaintiff was an employee within the contemplation of Title VII, 42 U.S.C. § 2000e(f).

7. At all times relevant to this Complaint, Plaintiff is a person of African Ancestry, the race colloquially referred to as "Black."

8. Defendant Reid State Community College ("Defendant" or "Reid State") is a public two-year college and member institution of the Alabama Community College System, doing business in Conecuh County, Alabama, and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

9. Defendant's principal place of business is located at 100 Alabama 83, Evergreen, Alabama 36401.

10. Defendant employed at least fifty (50) employees or members and is therefore subject to Title VII.

**FACTS**

11. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

12. In June 2022, Plaintiff began working for Defendant as Head Men's Basketball Coach and Student Success Coach.

13. From September 2024 through the events described in this Complaint, Plaintiff reported to Athletic Director Brac Brady ("Brady"), a White male.

14. On or about December 4, 2025, during the break of an intense conference game, Plaintiff was speaking to his team when a student athlete interrupted, stating, "I think it's bad coaching."

15. In response, Plaintiff told the student athlete, "Shut the fuck up."

16. On or about December 5, 2025, Defendant placed Plaintiff on Paid Administrative Leave after the student athlete filed a grievance regarding the incident.

17. Plaintiff told Defendant that the student athlete's real issue was that he felt he should have more playing time.

18. On or about January 5, 2026, Defendant suspended Plaintiff from his Head Coaching duties without pay because the student athlete declined to accept the findings and resolution of the Grievance Committee.

19. The suspension did not affect Plaintiff's full-time position as Student Success Coach.

20. While on suspension, Plaintiff communicated with Brady, who continued to tell Plaintiff that Plaintiff had not done anything wrong.

21. Plaintiff emailed Reid State President Coretta Boykin ("Boykin") and Brady seeking information during his suspension.

22. On or about February 3, 2026, Defendant terminated Plaintiff's employment from both positions, citing the incident involving the student athlete.

23. In 2025, a student and softball player accused Weldon Steadman ("Steadman"), a White male and Defendant's Women's Head Softball Coach, of sexual assault.

24. Steadman also reported to Brady.

25. The student submitted messages corroborating her allegations against Steadman.

26. During the investigation into the allegations against Steadman, Defendant placed Steadman on paid leave.

27. Defendant conducted an investigation and found that the allegations against Steadman were true.

28. Defendant did not terminate Steadman's employment.

29. At the time of his termination, Plaintiff consistently received good evaluations and was more than qualified to perform both of his roles.

30. Steadman, who is White, engaged in far more serious misconduct than Plaintiff, misconduct that Defendant's own investigation confirmed to be true, yet Defendant retained Steadman in his position while terminating Plaintiff, who is Black, from both of his positions for a single profane remark made to a student during a heated moment.

31. As a result of Defendant's actions, Plaintiff has suffered damages, including loss of pay, benefits, and mental anguish.

## COUNT I – TITLE VII – RACE DISCRIMINATION – DISCHARGE

32. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

33. Plaintiff is a person of African Ancestry, the race colloquially referred to as "Black."

34. Plaintiff was qualified for the positions of Head Men's Basketball Coach and Student Success Coach, and at the time of his termination, he consistently received good evaluations.

35. On or about February 3, 2026, Defendant terminated Plaintiff's employment from both positions, citing the December 4, 2025 incident with a student-athlete amongst other things.

36. Steadman, a White male, engaged in more severe misconduct, an investigation-confirmed sexual assault of a student, but remained employed and was not terminated.

37. Defendant did not terminate Steadman for the same or similar conduct, despite the confirmed severity of his misconduct exceeding Plaintiff's.

38. Defendant's decision to place Plaintiff on Paid Administrative Leave, then suspend him without pay, and ultimately terminate his employment from both positions, while retaining Steadman despite confirmed and more serious misconduct, demonstrates that Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

39. Defendant's actions in terminating Plaintiff's employment violated Title VII.

40. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT II – 42 U.S.C. § 1981 – DISCHARGE**

41. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

42. Plaintiff is a person of African Ancestry, the race colloquially referred to as "Black."

43. Plaintiff was qualified for the positions of Head Men's Basketball Coach and Student Success Coach.

44. On or about February 3, 2026, Defendant terminated Plaintiff's employment from both positions.

45. Steadman, a White male, engaged in more severe, investigation-confirmed misconduct but remained employed.

46. Defendant's decision to terminate Plaintiff's employment was made, in whole or in part, because of his race in violation of 42 U.S.C. § 1981.

47. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff has lost pay and continues to be paid less.

48. Because of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the positions he would have had, had he not been terminated;

D. Award back pay, together with employment benefits, front pay, compensatory damages, punitive damages, special damages, and nominal damages;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**JURY TRIAL DEMANDED**

*/s/Porcha Anthony Davis*
Porcha Anthony Davis

**OF COUNSEL:**

OF COUNSEL:
The Workers' Firm LLC
2 20th St. North Suite 900
Birmingham, AL 35203
T: 205.564.9005 F: 205.564.9006

**PLEASE SERVE DEFENDANT AS FOLLOWS**

Reid State Community College
c/o Dr. Coretta Boykin, President
100 Highway 83
Evergreen, AL 36401